UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GUY JUENEMANN, Jr.,

      Petitioner,                     Civil No. 2:07-CV-13761
                                      HONORABLE DENISE PAGE HOOD
v.                               UNITED STATES DISTRICT JUDGE

THOMAS BELL,

      Respondent,
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

      Joseph Guy Juenemann, Jr., ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through attorney Roger E. Craig, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. Petitioner has also filed a motion for expedited consideration of his petition, which is **GRANTED**. However, for the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

**I. Background**

      On June 14, 1997, Petitioner was convicted by a jury in the Montmorency County Circuit Court of first-degree murder. The victim was Petitioner's ex-wife. Evidence was presented at trial that petitioner and his ex-wife had previously been involved in an acrimonious and contentious divorce that had been finalized on June 30, 1994. Petitioner had remained bitter about the terms of the divorce settlement. The evidence against petitioner was

entirely circumstantial.  Much, if not all, of the evidence at trial involved extensive testimony concerning numerous prior threats that petitioner had made to others about killing the victim.

At the beginning of trial, the judge mentioned that he was concerned that the jury might use the testimony involving petitioner's prior threats against the victim as the sole basis upon which to convict petitioner of first-degree murder. The judge made a preliminary ruling that the prosecutor could not use evidence of threats until it established some connection between the murder and petitioner having committed it.  The judge further concluded that to place such threat evidence before the jury without establishing a connection between petitioner and the murder would be unfairly prejudicial to petitioner. (Tr. II, p. 206-07).

The prosecutor placed on the record an outline of all the evidence that she intended to produce at trial. (*Id*. at pp. 210-20).  However, after hearing the  intended proofs, the judge still believed that the prosecutor did not have enough evidence to show independently of petitioner's prior threats that petitioner committed the murder. (*Id*. at pp. 226-27).  The prosecutor replied that she should be permitted to put her entire case in, and then if the judge felt that the prosecution did not meet their burden of proof, he could direct a verdict of acquittal. (*Id*. at p. 226).

In his opening argument, defense counsel argued to the jury that there was no direct or circumstantial evidence linking petitioner to the murder, other than the verbal threats. (Tr. IV, pp. 45-50).

On the seventh day of trial, the trial court gave the jury a preliminary limiting instruction regarding their use of petitioner's prior threats to the victim. This instruction

2

informed the jurors that they could use such evidence to prove that the killing was premeditated, deliberate, and intentional, but they must find that petitioner had killed the victim from evidence independent from the threat evidence:

> THE COURT: Before we start this morning, the People are calling some witnesses now, and actually I guess we probably have had at least one witness already from part of their testimony was relative to -- was to threats, what we have been calling threat evidence. In other words, they presented evidence that the Defendant made certain threats against Nancy Juenemann because of his dissatisfaction with the property settlement that arose out of the divorce.
>
> Now, you can use this threat evidence only for limited [sic] purpose. You may properly use it as evidence to prove that the Defendant intended to kill Nancy Juenemann and to prove that such intent was premeditated. You may use it also to show that the killing was deliberate, as well as to show the Defendant possessed a motive to kill Nancy Juenemann. You must find, however, that Defendant caused the death of Nancy Juenemann; that is, Nancy Juenemann died as a result of gunshot wounds inflicted by Defendant from evidence that is independent of the threat evidence.
> (Tr. VII, p. 755-56.).

However, on the next day of trial, the judge realized after conducting additional legal research that pursuant to Michigan law, a criminal defendant's prior threats made to a victim are admissible as evidence relevant to the issue of the perpetrator's identity. (Tr. VIII, pp. 1045-46). The judge advised the parties that he was going to reserve making a ruling on what type of instruction to give the jurors until he looked at some additional case law on the matter. (*Id.* at p. 1051.) The judge then informed the jury that it would later instruct them on the law that they would apply in this case, and that "any statement by attorneys what the law is, is not applicable unless you hear it from me, and I'm in accord with that statement. The statement of law you get from the Court, and only the Court, and that's a controlling statement of law."

3

(*Id*. at p. 1055.).  The attorneys then made their closing arguments.  In his closing argument,

defense counsel again argued that independent of petitioner's threats to do harm to the victim,

there was no direct or circumstantial evidence linking petitioner to the murder. (*Id*. At pp.

1065-77).  During the course of his closing argument, counsel specifically reminded the jurors

that the trial court judge had instructed the jurors that they must find from evidence

independent from the threat evidence that petitioner had committed the murder. (*Id*. at p.

1066).

Following closing arguments, petitioner's counsel objected to the judge's intended

final instruction on the use of threat evidence, because it differed from what the jury heard the

day before, as well as what the jurors had heard from defense counsel during his closing

argument. (Tr. IX, pp. 1101-02.)  The prosecutor reminded defense counsel that the trial court

had advised the parties prior to closing arguments that the instruction might be changed but

that counsel chose to go ahead with his argument. (*Id*. at p. 1102.).  The judge responded that

his previous instruction was erroneous, because it would cause the jury to compartmentalize

the evidence and have them reach separate verdicts on the question of the threat evidence,

which they were not required to do. (*Id*. at p. 1105).

The trial judge then gave the jurors the final instruction on the use of petitioner's prior

threats:

> THE COURT: The People have presented evidence that Defendant made
> certain threats against the victim, Nancy Juenemann, because of his
> dissatisfaction with the property settlement of their divorce.  You can use this
> threat evidence only for a limited purpose.  Namely, you may properly use it
> as evidence to prove that the Defendant intended to kill Nancy Juenemann, and

4

to prove that such intent was premeditated. You may use it also to show that the killing was deliberate, as well as to show the Defendant possessed a motive to kill Nancy Juenemann. The threat evidence, when used for its limited purpose and considered with the rest of the evidence in this case, must convince you of Defendant's guilt beyond a reasonable doubt before you can find -- or before you can return a verdict of guilty.
(Tr. IX, p. 1118.)

Petitioner's conviction was affirmed on appeal. *People v. Juenemann*, No. 2002 WL 343610 (Mich.Ct.App. March 1, 2002); *lv. den.* 467 Mich. 924, 656 N.W.2d 521 (2002)(Cavanagh and Kelly, JJ, would grant leave to appeal).

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice on the ground that petitioner had failed to exhaust his instructional error claim as a federal constitutional claim with the state courts. *See Juenemann v. Jones,* No. 2005 WL 2347105 (E.D. Mich. September 23, 2005)(Cohn, J.).

Petitioner then filed a post-conviction motion for relief from judgment, pursuant to M.C.R. 6.500, *et. seq.* The trial court judge denied the motion pursuant to M.C.R. 6.508(D)(2), on the ground that petitioner's claim was identical to the claim that he raised on his direct appeal. *People v. Juenemann*, No. 98-001111-FC (Montmorency County Circuit Court, April 5, 2006). The Michigan appellate courts denied petitioner's post-conviction appeal pursuant to M.C.R. 6.508(D). *People v. Juenemann*, No. 272107 (Mich.Ct.App. March 30, 2007); *lv. den.* 479 Mich. 867, 735 N.W.2d 284 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

The Defendant was denied a fair trial in violation of due process as guaranteed by the United States Constitution.

5

Petitioner has also moved for expedited consideration of his petition, due to his advanced age.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a standard of review for habeas petitions brought under

28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

However, when a state court fails to adjudicate a habeas petitioner's claim on the merits, a federal court is required to review that claim *de novo. See McKenzie v. Smith,* 326 F.3d 721, 726 (6th Cir. 2003).  Petitioner raised his habeas claim as a federal constitutional claim in his motion for relief from judgment.  In rejecting the motion, the trial court failed to address the merits of petitioner's claim, instead dismissing the claim pursuant to M.C.R. 6.508(D)(2) on the ground that the claim had already been raised and decided against petitioner by the Michigan Court of Appeals on direct review.  In this case, "there are simply no results, let alone reasoning, to which this court can defer.  Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or

6

involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *Id.* Accordingly, this Court will review petitioner's claim *de novo.*

### III. Discussion

#### A. The motion for expedited consideration.

Petitioner has moved for expedited consideration of his petition, based on the fact that he is 85 years old. In light of his advanced age, petitioner has shown good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition, because petitioner has shown that any delay could potentially be highly prejudicial to him. *Compare Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Accordingly, the motion for expedited consideration is granted.

#### B. Petitioner's claim.

Petitioner claims that the trial court judge gave conflicting and misleading instructions to the jury concerning whether petitioner's prior threats of violence against his ex-wife could be used to prove his identity as the perpetrator. Respondent initially contends that petitioner's claim is procedurally defaulted, because the Michigan courts invoked M.C.R. 6.508(D)(2) to reject petitioner's claim on post-conviction review.

M.C.R. 6.508(D)(2) indicates that a court in Michigan should not grant post-conviction relief if the post-conviction motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior

7

decision[.]"  6.508(D)(2) is a rule of *res judicata* which bars a defendant from re-litigating

claims in a post-conviction motion which have already been adversely decided against him

or her.  The state courts' reliance on M.C.R. 6.508(D) based on *res judicata* does not bar

habeas review of petitioner's claim on the merits. *See Hicks v. Straub,* 377 F. 3d 538, 558,

n. 17 (6th Cir. 2004); *See also Skinner v. McLemore,* 551 F. Supp. 2d 627, 640-41 (E.D.

Mich. 2008).  Accordingly, petitioner's claim is not procedurally defaulted.

     The burden of demonstrating that an erroneous instruction was so prejudicial that it

will support a collateral attack upon the constitutional validity of a state court conviction is

even greater than the showing required in a direct appeal.  The question in such a collateral

proceeding is whether the ailing instruction so infected the entire trial that the resulting

conviction violates due process, not merely whether the instruction is undesirable, erroneous,

or even "universally condemned", and an omission or incomplete instruction is less likely

to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155

(1977).  The challenged instruction must not judged in isolation but must be considered in

the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999); *Cupp

v. Naughton*, 414 U.S. 141 (1973).  To warrant habeas relief, the jury instructions must not

only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire

trial fundamentally unfair. *Scott v. Mitchell*, 209 F. 3d 854, 882 (6th Cir. 2000).  Allegations

of trial error raised in challenges to jury instructions are reviewed for harmless error by

determining whether they had a substantial and injurious effect or influence on the verdict.

*Id.*

To the extent that petitioner claims that the trial court's second instruction was an incorrect statement of the law, this portion of his claim is foreclosed by the Michigan Court of Appeals' conclusion that the second instruction "properly charged the jury regarding the permissible use of the threat evidence in light of the other evidence presented at trial." *Juenemann*, 2002 WL 343610, Slip. Op. At * 3.  As the Michigan Court of Appeals noted earlier in their opinion, under Michigan law, where the identity of the perpetrator is at issue at trial, evidence of a defendant's previous threats may be admitted for the purpose of establishing identity. *Id.* (*citing People v. Milton*, 186 Mich.App 574, 576-77; 465 N.W. 2d 371 (1990), *remanded on other grounds* 438 Mich. 852; 473 N.W. 2d 310 (1991)).  Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur*, 421 U.S. 684, 690-91 (1975).  The nature of a particular jury instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003).  Because the Michigan Court of Appeals found that the second instruction given by the trial court accurately reflected Michigan law regarding the use of prior threats to establish the perpetrator's identity, this Court must defer to that determination and cannot question it. *See Seymour v. Walker*, 224 F. 3d 542, 558 (6th Cir. 2000).

Petitioner's main contention, however, is that his counsel relied on the first limiting instruction in his closing argument to the jury, as well as in the manner in which he presented his defense.  The Michigan Court of Appeals rejected this portion of petitioner's claim,

9

because they were not convinced that it was more probable than not that the error was outcome determinative, in light of the evidence presented. *Juenemann,* 2002 WL 343610, Slip. Op. at * 3. [1]

M.C.R. 6.414(H) states in relevant part that a trial court "must inform the parties of its proposed action on the requests [for jury instructions] before their closing arguments." Fed. R. Crim. P. 30, the federal counterpart of M.C.R. 6.414(H), imposes a simliar requirement upon federal district court judges. The object of provisions like Fed. R. Crim. P. 30 and M.C.R. 6.414(H) "is to require the judge to inform the trial lawyers in a fair way what the charge is going to be, so that they may intelligently argue the case to the jury." *Ross v. United States*, 180 F.2d 160, 165 (6th Cir. 1950).

However, in order to obtain federal habeas relief, a habeas petitioner must establish that the state court's decision was a violation of clearly established federal law as determined by the United States Supreme Court. To the extent that the state trial court violated the

---

[1] Petitioner also claims that the Michigan Court of Appeals incorrectly determined that petitioner's instructional error claim involved non-constitutional error, as opposed to constitutional error, and applied a more relaxed standard of review in adjudicating petitioner's claim on direct appeal. *See* Brief in Support of Petition for Writ of Habeas Corpus, pp. 7-9. Petitioner is not entitled to habeas review simply because the Michigan Court of Appeals employed the incorrect standard of review in adjudicating his claim on direct review. There is no federal constitutional right to an appeal. *See Abney v. U. S.*, 431 U.S. 651, 656 (1977); *See also Smith v. Robbins,* 528 U.S. 259, 270, n. 5 (2000)(The Constitution does not require states to create appellate review in criminal cases). The right of appeal, as presently known to exist in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right, one must come within the terms of the applicable statute" with regards to that right to appeal. *Abney,* 431 U.S. at 656. Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *See Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984).

provisions of M.C.R. 6.414, petitioner would not be entitled to habeas relief, because this is essentially a state law claim. *See James v. Howes*, 134 F. Supp. 2d 866, 868 (E.D. Mich. 2001).

Petitioner would likewise not be entitled to habeas relief simply because the trial court judge's procedures here violated Fed. R. Crim. P. 30. "A state court does not violate federal law merely because it does not follow federal rules of procedure." *Scruggs v. Williams,* 903 F. 2d 1430, 1434 (11th Cir. 1990); *See also Ware v. Wolfenbarger*, No. 2008 WL 686265, * 3 (E.D. Mich. March 11, 2008). The U.S. Supreme Court's "authority to promulgate rules of procedure is limited to proceedings in federal court." *Scruggs,* 903 F. 3d at 1434 (citing to 18 U.S.C. §§ 3771, 3772).

Petitioner is not entitled to habeas relief on his claim, because he has not cited to any Supreme Court decision which holds that a state trial court judge's change of mind concerning the instruction that he would give to the jurors violates his right to due process. *See David v. Lavinge,* 190 F. Supp. 2d 974, 989 (E.D. Mich. 2002)(state court's alleged delay in making definitive ruling on petitioner's request for jury instruction on lesser-included offense did not deprive petitioner of his right to due process, as would warrant federal habeas corpus relief). Stated differently, petitioner has provided no support for any theory that the federal constitution mandates advance notice prior to closing arguments of the jury instructions that will be given. *See Banks v. Romanowski,* No. 2006 WL 54427, * 2 (E.D.Mich. January 10, 2006).

In addition, although defendants in criminal cases possess a constitutional right to

11

make a closing argument, noncompliance with a rule that requires a trial court to inform the parties of its proposed actions on requests for jury instructions prior to closing arguments does not automatically require reversal. *See James*, 134 F. Supp. 2d at 868 (*citing Hamling v. United States*, 418 U.S. 87, 134-35 (1974)(*construing* Fed. R. Crim. P. 30). Even on direct review of federal criminal convictions, a violation of Rule 30 requires reversal only when a defendant can show actual prejudice. *See United States v. Horton*, 921 F. 2d 540, 547 (4th Cir.1990).

In this case, the state court's belated recognition that the jury instruction regarding the use of petitioner's prior threats required modification would not entitle petitioner to relief, because he has failed to show that the court's ruling on the jury instruction precluded him from making any legally sufficient argument. *See e.g. U.S. v. Lowery,* 64 Fed. Appx. 879, 881 (4th Cir. 2003). Petitioner has failed to offer to this Court any alternative arguments that he would have made had he known in advance that the trial court would instruct the jurors that petitioner's prior threats could be used to prove his identity as the perpetrator. Accordingly, petitioner is not entitled to habeas relief on this claim. *See Horton,* 921 F. 2d 547-48.

The *Horton* court affirmed the defendant's conviction on direct appeal despite the trial court's error in allowing only three minutes of additional argument on a supplementary aiding and abetting instruction, which was given after the jury began deliberating and in response to four questions from the jury regarding the level of involvement necessary for a first degree murder conviction. *Id.* at 546. In rejecting the defendant's argument that he was

12

prejudiced by his counsel's inability to argue his innocence to the jury on the aiding and abetting charge during closing arguments, the Sixth Circuit held that the factual predicates of defendant as principal and as aider and abettor were so similar that defense arguments were essentially the same under both theories, in that, under either theory, the main argument was that sole eyewitness was incredible. *Id.* at 547-48. Similarly, in light of the evidence presented in this case, petitioner's defense and argument, regardless of which instruction was used, would have been that there was no direct or circumstantial evidence linking petitioner to the murder, other than these prior threats.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

Dated: January 30, 2009                s/ DENISE PAGE HOOD
                                       **HON. DENISE PAGE HOOD**
                                       UNITED STATES DISTRICT COURT

I hereby certify that a copy of the foregoing document was served upon Roger E. Craig, Esq., 4041 Gulf Shore Blvd. North, Naples, FL 34103 and Brad H. Beaver, AAG on January 30, 2009, by electronic and/or ordinary mail.

                                       s/William F. Lewis
                                       Case Manager